J. JEFFREY PRESS AND CAROL PRESS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Press v. Commissioner
Docket No. 39273-84.
United States Tax Court
T.C. Memo 1986-398; 1986 Tax Ct. Memo LEXIS 216; 52 T.C.M. (CCH) 285; T.C.M. (RIA) 86398; August 25, 1986. J. Jeffrey Press, pro se. William S. Garofalo, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined a deficiency in *217 petitioners' Federal income tax for the taxable year 1976 in the amount of $3,682.00. The sole issue this Court must decide is whether respondent issued the statutory notice of deficiency to petitioners after the applicable statute of limitations had expired. The facts of this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure, and are so found. Petitioners resided at Upper Montclair, New Jersey at the time the petition in this case was filed. Petitioners were members of a joint venture, the Little Mud Pond Swamp Joint Venture ("Joint Venture"). The organizational agreement executed by petitioners on October 19, 1976 stated that the members of Joint Venture would own, as tenants in common, a leasehold interest in land in New Jersey to mine peat. Petitioners acquired a .24% interest in Joint Venture. [1]
The members of Joint Venture each contributed capital to *218 the venture. Losses were allocated to the members in proportion to their respective capital contributions to the venture. Profits were allocated to the members in accordance with a schedule required to be set forth in the executed organizational agreement. Petitioners did not take production in kind or contract to sell on an individual basis their share of any production. Joint Venture appointed Green Gro of Greenwich, Inc. (Green Gro), a member of Joint Venture, as its agent. Green Gro, as lessee, executed a mining lease with Euro-Continental Investments, Ltd. on October 19, 1976. The lease granted to Green Gro the exclusive right to mine peat from a 30-acre plot of land in Sussex County, New Jersey. Frank J. Pitassi, president of Green Gro, submitted a letter to respondent on October 19, 1976 stating "We hereby elect under Section 761d to be excluded from Part Subchapter K." Joint Venture was not identified in the letter. The letter listed some of the investors in Joint Venture but did not include petitioners. Joint Venture did not file a Form 1065, U.S. Partnership Return of Income. On March 15, 1980 petitioners executed a Form 872-A, Special Consent to Extend the Time *219 to Assess Tax, for petitioners' Federal income tax for the taxable year 1976. The agreement to extend the statute of limitations was limited in scope as follows: Any assessment of an increase in the above tax for the taxable period(s) covered by this agreement is to be limited to the amount resulting from any adjustment to: (a) the taxpayer's distributive share of any item of income, gain, loss, deduction, or credit of, or distribution from any partnership (or any organization treated by the taxpayer as a partnership on the taxpayer's tax return); and (b) the tax basis of the taxpayer's interest(s) in such partnership(s) or organization(s) treated by the taxpayer as a partnership, including any consequential changes to other items based on such adjustment. Respondent's notice of deficiency in this case was mailed on August 22, 1984. The deficiency was based on respondent's determination that petitioners' distributive share of the claimed $4,044,000.00 loss from Joint Venture, reported on their 1976 Feberal income tax return as $9,706.20, was zero. Petitioners do not dispute the deficiency but assert that assessment of the tax is barred by the statute of limitations. Arguing *220 that the Form 872-A executed by the parties extended the statute of limitations only with respect to partnership items or items in connection with organizations treated as partnerships on petitioners' 1976 return, petitioners contend that Joint Venture was not a partnership and was not treated as such by petitioners on their return. Petitioners conclude that the loss from Joint Venture was not an "* * * item of * * * loss * * * from any partnership" within the meaning of the agreement of the parties as set forth in the Form 872-A. Consequently, in petitioners' view, respondent's notice of deficiency, determining an adjustment to the loss claimed from Joint Venture, was untimely. In general, respondent must issue a notice of deficiency in Federal income tax within three years after a taxpayer's return has been filed. Section 6501(a). [2] The bar of the statute of limitations is an affirmative defense, on which petitioner bears the burden of persuasion and the initial burden of going forward with the evidence. Adler v. Commissioner,85 T.C. 535 (1985). *221 Petitioners' joint Federal income tax return for the taxable year ended December 31, 1976, dated April 14, 1977, was deemed to have been filed on April 15, 1977. Section 6501(b). Respondent's notice of deficiency with respect to petitioners' 1976 return was mailed to petitioners on August 22, 1984, more than three years after petitioners' 1976 return was filed. This showing satisfies petitioners' initial burden of going forward. Petitioners, however, executed a Form 872-A, Special Consent to Extend the Time to Assess Tax, on March 15, 1980, less than three years after their 1976 return was filed. This consent extended the time during which respondent could assess income tax due with respect to partnership items on petitioners' 1976 return. This consent satisfies respondent's burden of going forward. Adler v. Commissioner,supra.Therefore, petitioners must establish that the executed Form 872-A does not extend the statute of limitations with respect to the deficiency determined in this case. Petitioners contend that Joint Venture elected pursuant to section 761 to be excluded from the partnership provisions of subchapter K of the Internal Revenue Code *222 of 1954, and that because Joint Venture was, therefore, not to be taxed as a partnership, an adjustment to the loss claimed from Joint Venture was not include within the scope of the Form 872-A extension. We agree with petitioners that the Form 872-A executed by the parties extends the statute of limitations only for adjustments of partnership items or of items in connection with an organization treated as a partnership on petitioners' 1976 return. We cannot agree, however, that Joint Venture elected not to be treated as a partnership pursuant to section 761(a). [3]
A valid election pursuant to section 761(a) must include a statement of election filed with a properly executed partnership return, Form 1065, which must identify the names, addresses and identification numbers of all members of the organization, state *223 that all members elect to be excluded from subchapter K of the Internal Revenue Code of 1954, and state that the organization qualifies under section 761(a) to make the election. Section 1.761-2(b)(2)(i), Income Tax Regs. Further, an election will be deemed to have been made "if it can be shown from all the surrounding facts and circumstances that it was the intention of the members of such organization at the time of its formation" to make an election pursuant to section 761(a). Section 1.761-2(b)(2)(ii), Income Tax Regs.
Joint Venture failed to satisfy the requirements of respondent's regulations. Pitassi's letter to respondent contained none of the information required by the regulations. Notably, it failed to identify Joint Venture and all of its members. The record is barred of evidence indicating any intent of all of the members of Joint Venture or any intent of petitioners to make such an election at the time the joint venture was formed. Therefore, we find that Joint Venture did not make an election pursuant to section 761(a) to be excluded from subchapter K of the Unternal Revenue Code of 1954. Having found the purported *224 section 761 election to be ineffective, we must determine whether Joint Venture is a partnership for Federal income tax purposes. This Court is not bound by state law definitions to determine if an entity is a partnership for Federal tax purposes. Commissioner v. Tower,327 U.S. 280 (1946). A joint venture may not be a partnership under state law, but for Federal income tax purposes, it is included in the definition of "partnership." Long v. Commissioner,77 T.C. 1045, 1064-1065 (1981); Podell v. Commissioner,55 T.C. 429, 431 (1970). The term "partnership" is defined in section 7701(a)(2) as follows: (2) PARTNERSHIP AND PARTNER. -- The term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term "partner" includes a member in such a syndicate, group, pool, joint venture, or organization. See also *225 section 761(a). Ten years ago the Second Circuit commented that "It is well settled * * * that for tax purposes a joint venture is treated as a partnership. [Footnote omitted.] Sections 761(a) and 7701(a)(2) of the Code, 26 U.S.C. §§ 761 (a) and 7701(a)(2)." Roman v. Commissioner,542 F.2d 845, 854 (2d Cir. 1976). The documents in the record state that Joint Venture was organized to carry on the business of mining peat, and petitioners to not argue that the members of Joint Venture did not intend to carry on any business. The members of Joint Venture each contributed capital to the venture. The claimed loss was shared and allocated among its members. Petitioners were allocated their distributive share of Joint Venture's claimed loss for 1976. These facts compel the conclusion that for Federal income tax purposes Joint Venture was a partnership. Madison Gas and Electric Co. v. Commissioner,633 F.2d 512 (7th Cir. 1980), affg. 72 T.C. 521 (1979). Therefore, the adjustment to the claimed loss from Joint Venture was properly within the limited scope of the Form 872-A extension executed by the parties. Respondent's *226 notice of deficiency in this case was timely. Accordingly, Decision will be entered for respondent.
Footnotes
1. The organizational agreement in the record is a sample agreement which fails to specify capital contributions, allocations of profit and loss or the members of Joint Venture. The parties stipulated, however, that petitioners acquired their interest in Joint Venture.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue in this case, unless otherwise indicated.↩
3. On this basis, we do not reach the issue of whether Joint Venture was an organization qualified to make an election pursuant to section 761(a)↩; and, furthermore, we do not consider the effect of such an election, if validly made, on the Form 872-A executed by petitioners.